[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JOURNAL ENTRY
On September 25, 2002, this court issued a decision and journal entry in C.A. No. 02CA0002-M. Due to a clerical error, the name of the assistant prosecutor, Joseph Salzgeber, was omitted from the appearances section of the entry. The following text is hereby added to the appearances section at the end of the entry: Joseph Salzgeber, Assistant Prosecuting Attorney, 72 Public Square, Medina, Ohio 44256, for Appellee.
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Michael Rice, appeals from the judgment of the Medina County Court of Common Pleas. We affirm.
 I.
{¶ 2} On May 3, 2001, Mr. Rice was indicted for the illegal conveyance of a prohibited item onto the grounds of a detention facility, in violation of R.C. 2921.36(A)(2). A bench trial was held on October 22, 2001 and, on November 6, 2001, the trial court found Mr. Rice guilty of the charge. Mr. Rice was sentenced accordingly. This appeal followed.
 II.
{¶ 3} Mr. Rice asserts three assignments of error. We will consider the first and second assignments of error together to facilitate review.
 A. First Assignment of Error {¶ 4} "THE TRIAL COURT ERRED BY DENYING DEFENDANT-APPELLANT'S MOTION FOR A CRIMINAL RULE 29 ACQUITTAL AT THE CLOSE OF THE STATE'S CASE AND IN FINDING THE APPELLANT GUILTY OF A VIOLATION OF OHIO REVISED CODE § 2921.36(A)(2) BECAUSE THE STATE FAILED TO PRESENT SUFFICIENT EVIDENCE TO SUPPORT THE CONVICTION."
 Second Assignment of Error {¶ 5} "IN THE ALTERNATIVE, THE TRIAL COURT ERRED BY FINDING THE APPELLANT GUILTY OF A VIOLATION OF OHIO REVISED CODE § 2921.36(A)(2) BECAUSE THE CONVICTION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
{¶ 6} First, we will consider Mr. Rice's assertion that his conviction was against the manifest weight of the evidence. Next, we will address the assertion that the evidence was insufficient to sustain his conviction. Finally, we will address his assertion that he was charged with a felony, rather than a misdemeanor, because he exercised his Fifth Amendment right against self-incrimination. The assignments of error lack merit.
 Manifest Weight
{¶ 7} When determining whether a conviction was against the manifest weight of the evidence,
 {¶ 8} "an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986), 33 Ohio App.3d 339, 340.
{¶ 9} This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id.
{¶ 10} In order to find Mr. Rice guilty of the illegal conveyance of a prohibited item onto the grounds of a detention facility, the prosecution needed to prove the elements set forth in R.C. 2921.36(A)(2) as follows:
 {¶ 11} "No person shall knowingly convey, or attempt to convey, onto the grounds of a detention facility * * * any of the following items:
{¶ 12} "* * *
 {¶ 13} "(2) Any drug of abuse, as defined in section 3719.011 * * * of the Revised Code[.]"
{¶ 14} In the instant case, Mr. Rice argues that he should not have been found guilty of the charge because, as established by the evidence, he neither knowingly conveyed or attempted to convey the marijuana. R.C. 2901.22(B) defines the culpable mental state of knowingly and states, in pertinent part, that "[a] person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature." Additionally, Mr. Rice argues that the evidence did not establish his criminal liability as required by R.C. 2901.21(A)(1). R.C. 2901.21(A)(1) provides that a person is not guilty of a criminal offense unless "[t]he person's liability is based on conduct which includes either a voluntary act, or an omission to perform an act or duty that the person is capable of performing." Mr. Rice does not contest the finding that the Medina County Jail constituted a detention facility or that the marijuana found constituted a drug of abuse as defined in R.C. 3719.011. Applying the foregoing to the facts of this case, we now turn to the evidence adduced at trial.
{¶ 15} In the present case, Sergeant Derrick Bauman of the Montville Police Department testified that he was on duty during the night and early morning hours of April 14 and 15, 2001. He stated that he responded to a call regarding a disturbance and, when he arrived at the scene of the incident, he talked with Mr. Rice. According to Sergeant Bauman, Mr. Rice was acting in a defiant manner and did not want to follow police orders. He also noticed that Mr. Rice smelled of alcohol and stated that he believed that Mr. Rice may have been intoxicated.
{¶ 16} Sergeant Bauman stated that another officer noticed an item in the vehicle that Mr. Rice had been riding in and that, upon such discovery, Sergeant Bauman decided to do a Terry frisk of Mr. Rice and the other suspects at the scene. He testified that he located a knife and a marijuana pipe in Mr. Rice's pockets; whereupon, he handcuffed Mr. Rice, placed him in the police cruiser, and read him his Miranda rights. Sergeant Bauman stated that, while he did not find any drugs when he conducted the pat-down, he believed that Mr. Rice may have had marijuana due to the fact that he had a marijuana pipe in his possession. Sergeant Bauman testified that, more than once, he informed Mr. Rice that, if he had any marijuana in his possession, it would be in his best interest to hand it over at that time. He also testified that he informed Mr. Rice that, if he took any marijuana into a jail, such act would constitute a felony. He explained that Mr. Rice repeatedly told him that he did not have any marijuana. Additionally, he explained that Mr. Rice was not given the option of receiving a summons rather than being escorted to jail.
{¶ 17} Officer Terry Grice of the Montville Police Department testified that, because Mr. Rice was under arrest, Mr. Rice was transported to the Medina County Jail. He stated that, once they had parked the police cruiser in the secured garage in the jail, he told Mr. Rice that, if Mr. Rice had anything illegal in his possession, he should present it at that time so he would not be charged with a felony. He also stated that it was his practice to inform people of this opportunity. Officer Grice testified that Mr. Rice's hands were cuffed behind his back and that, had Mr. Rice wanted to produce anything, he would have had to inform the officer of its location. He testified that Mr. Rice informed him that he did not have anything illegal in his possession.
{¶ 18} Officer Frank Talatko of the Medina County Sheriff's Office testified that he admitted Mr. Rice into the Medina County Jail. He explained that Mr. Rice was brought from the garage to the vestibule where he was to be patted down and searched before he was placed in the jail. Officer Talatko testified that he asked Mr. Rice twice whether Mr. Rice possessed any contraband items and that Mr. Rice denied that he had anything in his possession. He also testified that he informed Mr. Rice that he could be charged with a felony if he did not hand over any illegal items that he had in his possession. Officer Talatko explained that, while technically Mr. Rice was already on the grounds of a detention facility, the general policy was to only charge a person with a misdemeanor if the person came forth with the illegal items on their own, rather than having the items found during the search.
{¶ 19} Officer Talatko testified that, once Mr. Rice denied that he had anything in his possession, the handcuffs were removed and Mr. Rice placed his hands up against the wall. At that point, the officer conducted a search and found marijuana in Mr. Rice's pocket. He explained that the marijuana was found in the middle of some crumpled up dollar bills. Specifically, the marijuana was covered and surrounded by the "wadded up" money.
{¶ 20} Stacey Longdon, Mr. Rice's girlfriend, testified that she was the designated driver the night of the incident. Ms. Longdon stated that she thought Mr. Rice had been drunk. She testified that she witnessed the police patting down Mr. Rice and that she believed they had taken money from his pockets during the search. Mr. Rice testified that he was intoxicated during the whole incident and that his memory of the events were unclear. While he stated that he did not remember being warned of the possibility of being charged with a felony either at the scene of the incident or in the police cruiser, he did remember being informed of the possibility of a felony charge at the jail. He stated that he did not know what the police found during their search at the scene of the incident. Mr. Rice testified that he had smoked marijuana earlier that evening and that the marijuana that the police found was his. He stated that he had not remembered having either the marijuana pipe or the marijuana on his person.
{¶ 21} The evidence in this case overwhelmingly indicates that the marijuana found was Mr. Rice's and that he had smoked it earlier that evening. Thereafter, following the incident relating to the disturbance and the initial Terry search, Mr. Rice was given numerous opportunities to inform the police that he had the marijuana in his possession. However, every time that he was asked whether he had any illegal items for which he could be charged with a felony, Mr. Rice denied that he had anything in his possession. Further, with regard to Mr. Rice's assertion that he was intoxicated, pursuant to R.C. 2901.21(C), "[v]oluntary intoxication may not be taken into consideration in determining the existence of a mental state that is an element of a criminal offense." Consequently, the defense of voluntary intoxication is not applicable in the present case. State v. Rupp (Apr. 8, 2002), 12th Dist. No. CA2001-06-135, 2002-Ohio-1600, ¶ 31. Moreover, Mr. Rice's decision to possess marijuana and deny that he had it on his person, in spite of the fact that he was repeatedly warned that he could be charged with a felony, was a voluntary act on the part of Mr. Rice.
{¶ 22} After a careful review of the record, we cannot conclude that the trier of fact lost its way and created a manifest miscarriage of justice when it convicted Mr. Rice of the illegal conveyance of a prohibited item onto the grounds of a detention facility, in violation of R.C. 2921.36(A)(2). Accordingly, we hold that Mr. Rice's conviction was not against the manifest weight of the evidence.
 Sufficiency
{¶ 23} "Because sufficiency is required to take a case to the [trier of fact], a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency." (Emphasis omitted.) State v. Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462. Having already found that Mr. Rice's conviction was not against the manifest weight of the evidence, we conclude that there was sufficient evidence to support the verdict in this case.
 Self-incrimination
{¶ 24} Mr. Rice asserts that, because he exercised his Fifth Amendment privilege against self-incrimination, he was charged with the illegal conveyance of a prohibited item onto the grounds of a detention facility, in violation of R.C. 2921.36(A)(2). First, this court notes that it appears that Mr. Rice did not exercise his privilege against self-incrimination after being advised of his Miranda rights. Rather, it appears that he freely talked with the police, not confessing to anything incriminating, but informing them that he did not have any illegal objects in his possession. See, generally, State v. Blanton (Apr. 12, 2002), 2nd Dist. No. 18923, 2002-Ohio-1794, ¶ 31; see, also, generally, State v. Perkins (June 30, 2000), 6th Dist. No. L-98-1347. However, even if Mr. Rice did not waive his Fifth Amendment right, his argument is without merit. While Mr. Rice does have the right not to incriminate himself, this right does not entitle him to knowingly convey a drug of abuse onto the grounds of a detention facility, in violation of R.C. 2921.36(A)(2). By committing such a criminal act, Mr. Rice could be charged accordingly. Consequently, Mr. Rice's first and second assignments of error are without merit.
 B. Third Assignment of Error {¶ 25} "IN THE ALTERNATIVE, IF THE FIFTH AMENDMENT/MIRANDA VIOLATION DETAILED IN ASSIGNMENT OF ERROR TWO, ABOVE, WAS IMPROPERLY RAISED AT TRIAL, WHICH APPELLANT CLAIMS IT WAS NOT, APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL."
{¶ 26} In his third assignment of error, Mr. Rice argues that, if this court finds that his argument regarding his Fifth Amendment rights was waived, then he had ineffective assistance of counsel. In our discussion of the first and second assignments of error, this court addressed Mr. Rice's assertions regarding his Fifth Amendment rights. Accordingly, we need not address Mr. Rice's third assignment of error as it has been rendered moot by our disposition of the first and second assignments of error. See App.R. 12(A)(1)(c).
 III.
{¶ 27} Mr. Rice's first and second assignments of errors are overruled. The third assignment of error is rendered moot by this court's disposition of the first and second assignments of error. The judgment of the Medina County Court of Common Pleas is affirmed.
SLABY, P.J., WHITMORE, J. CONCUR.